Filed 6/4/21  P. v. Moreno CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CHRISTIAN MORENO,<br><br>  Defendant and Appellant. | G059163<br><br>(Super. Ct. No. 17NF0374)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters. Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

A jury found Christian Moreno guilty of kidnapping for the purpose of committing a sex offense, sexual battery by restraint, and sexual penetration of a child 14 years or older with a foreign object. The trial court sentenced him to 29 years to life, and he appealed. Moreno's sole contention on appeal is that the evidence was insufficient to establish sexual penetration. As discussed below, we conclude the victim's statements to two police officers and a nurse supported the jury's finding of sexual penetration. Accordingly, we affirm.

I

FACTUAL BACKGROUND

The victim C.G. testified she was a high school freshman in January 2017. On the morning of January 9, 2017, C.G. was walking to school when Moreno grabbed her around the waist from behind. Moreno pulled her toward a nearby residence, pushed her against a corner wall, and put his hands into her pants. C.G. felt pressure against her vagina, and experienced a "sharp or jabbing pain." Moreno pulled down C.G.'s shirt and began sucking her left breast. C.G. pushed Moreno off, and he ran away. C.G. fled to her school where she was interviewed by police officers about the assault. She could not recall telling the officers Moreno had poked her anus, but stated her memory of the assault now (at the time of trial) was not as good as when she was interviewed.

La Habra Police Officer Nicholas Vasquez testified that in January 2017, he was assigned as the school resource officer for C.G.'s high school. After school officials informed Vasquez about the assault, he interviewed C.G., who was crying and distraught. C.G. reported Moreno had put his hand or finger "in her butt" and his mouth on her left breast. Vasquez asked her to clarify what was put into her butt, and C.G. stated: "I'm pretty sure it was his finger that went into my butt."

Brea Police Detective Glenn Eastman testified he also interviewed C.G. C.G. was "[v]ery shaken, very nervous, scared . . . distraught." She stated Moreno "did penetrate her," but "she was uncertain if it was one finger, more than one finger, or what

2

the object was." She was unsure if the penetration was anal or vaginal, but "just kept telling me that she was sore down there." C.G. detailed that during the penetration, she felt a "sharp pain, so much so that she had to lift up while she was trying to struggle and push away from him." To clarify whether there was actual penetration, Eastman used a tissue box to demonstrate penetration, and C.G. confirmed that penetration had occurred. After the interview, Eastman transported C.G. to a hospital for a sexual assault examination.

Janane Saunar, a registered nurse, conducted the sexual assault examination C.G. was unsure whether she had been penetrated vaginally, but stated "she was penetrated anally" by Moreno's fingers. She also stated "it hurts to sit down." Saunar did not perform internal exams because they are not mandatory, often painful, and C.G. did not want Saunar to do them. Sauna did not observe any injury to the vaginal or anal area, but explained that "the presence of injury or lack of presence of injury does not mean that penetration did not occur" because "[i]t's all very muscular down there" and "meant to expand and contract." Saunar also stated, "We do not see any physical findings or injury in at least 90 percent of our cases. It is a small amount of cases where we find injury."

The defense called a registered nurse who testified she reviewed C.G.'s medical examination file and noted no finding consistent with genital penetration. She acknowledged a child or adult could have been penetrated during an assault despite the lack of a medical finding of penetration.

II

DISCUSSION

As noted, a jury found Moreno guilty of sexual penetration of C.G. Moreno contends the evidence was insufficient to establish either anal or vaginal penetration. Specifically, her argues the evidence did not show "penetration of the labia majora," (*People v. Quintana* (2001) 89 Cal.App.4th 1362, 1371), or "penetration past

3

the buttocks and into the perianal area" (*People v. Paz* (2017) 10 Cal.App.5th 1023, 1028). We are not persuaded.

"In reviewing the sufficiency of the evidence to support a criminal conviction, we review the record '"in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]' We do not reweigh the evidence or revisit credibility issues, but rather presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence. [Citation.]" (*People v. Pham* (2009) 180 Cal.App.4th 919, 924-925.) A reversal for insufficient evidence "'"is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the jury's verdict. [Citation.]'" (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

Here, the jury heard from Vazquez that the victim stated, "I'm pretty sure" Moreno placed his finger "into my butt." Later, the victim told Eastman Moreno "did penetrate her," but "she was uncertain if it was one finger, more than one finger, or what the object was." During the penetration, she felt a "sharp pain, so much so that she had to lift up while she was trying to struggle and push away from him." After Eastman used a tissue box to demonstrate penetration, the victim confirmed that penetration had occurred. Finally, the jury heard from nurse Saunar, who testified the victim reported "she was penetrated anally" by Moreno's fingers. A reasonable jury could credit the testimony of Vazquez, Eastman and Saunar, and conclude Moreno's finger had penetrated past the labia majora or past the buttocks and into the perianal area, as required for vaginal or anal penetration.

Moreno notes the lack of specificity in C.G.'s trial testimony about whether she was vaginally or anally penetrated. C.G., however, explained her memory of the assault at the time of trial was not as clear as when she was interviewed by the officers.

4

Moreover, C.G. did testify that she felt pressure on her vagina and a "sharp or jabbing pain," indicating penetration. In any event, as stated above, the jury could credit the testimony of the officers and nurse that C.G. stated she was penetrated anally by Moreno's finger. The jury resolved any conflict in the evidence when it found there was genital penetration. (See *People v. Letner and Tobin* (2010) 50 Cal.4th 99, 161-162 ["'[c]onflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.'"].) In sum, substantial evidence supported the jury's finding of sexual penetration.

### III

### DISPOSITION

The judgment is affirmed.


                                                        MOORE, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

5